KENYATTA MURRELL *vs.* COMMONWEALTH. August 20, 2009. *Supreme Judicial Court,* Superintendence of inferior courts, Appeal from order of single justice. *Practice, Criminal,* Jury and jurors.

The petitioner appeals from a judgment of a single justice of this court denying his petition pursuant to G. L. c. 211, § 3. We affirm.

The petitioner is the defendant in a pending murder trial in the Superior Court for Norfolk County. Looking at census and other data, he discovered an apparent disparity in the percentage of African-Americans living in the county and appearing on the county's lists of prospective jurors. To investigate a pos-sible claim that African-Americans are unconstitutionally underrepresented in the county's jury panels, he submitted a survey to the office of the jury com-missioner (commissioner) and to the county's cities and towns concerning how resident lists, used to develop lists of potential jurors, are compiled. The commissioner and some, but not all, of the municipalities responded. The petitioner then moved in the Superior Court for an order compelling *all* city and town clerks to respond to the survey, or for an evidentiary hearing for which the clerks would be subpoenaed. The motion was denied, as was a mo-tion for reconsideration. The petitioner then petitioned unsuccessfully for relief from the denials of his motions in the county court.

The case is now before us pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001). The petitioner has failed to carry his burden under rule 2:21 (2) to show the absence of an adequate alternative remedy. In the event he is convicted, he may raise on appeal the question whether the judge erred

---

in denying his motions. We have on several occasions entertained defendants' postconviction constitutional challenges to the processes by which juries are selected. See, e.g., *Commonwealth* v. *Arriaga*, 438 Mass. 556 (2003); *Commonwealth* v. *Prater*, 431 Mass. 86 (2000); *Commonwealth* v. *Tolentino*, 422 Mass. 515 (1996); *Commonwealth* v. *Bastarache*, 382 Mass. 86 (1980). To the extent the defendant claims that, unless he obtains review of the judge's orders now he will be disadvantaged on any appeal by not having developed the very facts he sought to develop with the trial court's help, we see no reason why he should be so penalized. If convicted, he can raise on appeal, as part of his underrepresentation challenge, his claim that he was unfairly deprived of the data he needed to support such a challenge. The question will then be whether the judge should have issued orders compelling the municipalities to respond to the petitioner's survey, or should have held an evidentiary hearing.

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Chauncey B. Wood* for the petitioner.